## MATTER OF NUNEZ-TORO

### In Exclusion Proceedings

### A-12178069

#### Decided by Board February 24, 1966

(1) Appellant, who, following arrival in the United States as a nonimmigrant without a visa in direct transit to Canada, applied for admission as a political refugee thereby abandoning any claim to nonimmigrant status and manifesting a desire to remain indefinitely in this country, must be considered an immigrant and since he is not in possession of a visa nor eligible for a waiver thereof, he is excludable under section 212(a)(20), Immigration and Nationality Act, as amended.

(2) Absent evidence or indication of any desire to avoid training and service in the United States Armed Forces, an alien who deserted the United States Army and departed this country shortly after his admission for permanent residence and *voluntary* enlistment in 1960, is not inadmissible under section 212(a)(22) of the Act where the only evidence tends to indicate he departed to Cuba either to attend his mother whom he believed ill or because he felt obligated to change her pro-Castro attitude; he voluntarily surrendered to the United States military authorities in Costa Rica in 1963; and he has, for some time, expressed a desire to be permitted to complete his enlistment.

EXCLUDED: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No immigrant visa.

Act of 1952—Section 212(a)(22) [8 U.S.C. 1182(a)(22)]—Departed from or remained outside United States to avoid military service.

This case is before us on appeal from a decision of a special inquiry officer excluding the appellant on the grounds stated above.

We have carefully reviewed the entire record. The appellant is a 25-year-old married male, native and citizen of Cuba, who was admitted for permanent residence as an immigrant on May 15, 1960. On June 21, 1960, he enlisted in the United States Army for a term of three years but deserted on September 24, 1960 and was discharged on September 26, 1963 under other than honorable conditions while in a status of desertion. He was absent from the United States from about September 1960 to May 8, 1965 when he arrived as an

airline passenger without a visa in transit to Canada and made his present application for admission to the United States claiming to be a political refugee. In reaching the conclusion concerning excludability on the two grounds stated above, the special inquiry officer found that the appellant abandoned his residence in the United States in September 1960; that, upon his last arrival on May 8, 1965, he was not in possession of any immigration document other than his passport; and that he had "failed to establish that the purpose of such desertion and departure was not to evade or avoid service in the Armed Forces of the United States during a period of national emergency." The issue in this case is whether the appellant is excludable on the two grounds mentioned, and we have given full consideration to the brief submitted by him.

The appellant was married about November 1960, approximately two months after his arrival in Cuba, and two children have been born of this marriage. He was employed in Cuba and lived there with his wife and children until August 1963 when he departed for Central America with the intention of attempting to return to the United States. He stated that he did not have sufficient funds for the passage of his wife and children, and they are still residing in Cuba.

The first ground of excludability stated above is based on 8 U.S.C. 1182(a)(20) under which an arriving alien, other than a nonimmigrant, is required to present an immigrant visa or other immigration entry document. In his brief, the appellant contended that he is not an immigrant and that this statutory provision does not apply to him. However, section 101(a)(15) of the Immigration and Nationality Act [8 U.S.C. 1101(a)(15)] provides that the term "immigrant" means every alien except an alien who is within the classes of nonimmigrant aliens there set forth. As we have indicated above, the appellant arrived as a nonimmigrant without a visa in direct transit to Canada. Upon arrival in the United States, however, he applied for admission as a political refugee. It is apparent that he abandoned any claim to nonimmigrant status; that he desires to remain indefinitely; and that he must be considered an immigrant. We concur in the special inquiry officer's conclusions that the appellant abandoned his residence in the United States in September 1960; that he is not eligible for a waiver of the visa requirements under 8 U.S.C. 1181(b) and the regulation (8 CFR 211.1); and that he is excludable on the first ground mentioned above.

The special inquiry officer concluded that the appellant "is subject to exclusion under the provisions of section 212(a)(22) of the

Immigration and Nationality Act, and is ineligible for citizenship as one who has departed from the United States to evade or avoid service in the Armed Forces of the United States during a period declared by the President as a national emergency." Apparently the special inquiry officer considered that the appellant was ineligible to citizenship by reason of his departure. Actually, this statutory provision [8 U.S.C. 1182(a)(22)] provides for the exclusion of two distinct classes: (1) those who are ineligible to citizenship and (2) "persons who have departed from or who have remained outside the United States to avoid or evade training or service in the armed forces in time of war or a period declared by the President to be a national emergency, * * *." The term "ineligible to citizenship" is defined in 8 U.S.C. 1101(a)(19). In general, it relates to those who claimed exemption from military service on the ground of alienage and those covered by section 314 of the Immigration and Nationality Act [8 U.S.C. 1425] and its predecessor [section 306 of the Nationality Act of 1940]. Although 8 U.S.C. 1425 covers desertion from the military forces, it is limited to desertion in time of war and also requires that there be a conviction for the desertion. We have found nothing in the present record which would show that the appellant is ineligible to citizenship. Accordingly, the question which requires determination is whether he departed from or remained outside the United States to evade training or service.

The predecessor of 8 U.S.C. 1182(a)(22) was section 3 of the Immigration Act of 1917 as amended by section 2 of the Act of September 27, 1944 [58 Stat. 746; 8 U.S.C. 136, 1946 Ed.]. This statutory provision was originally enacted during World War II, and it is apparent that its primary purpose was to reach those seeking to evade the draft rather than deserters from the armed forces who were already subject to military penalties. Nevertheless, we previously held that this prior legislation was not limited to those who departed from the United States before becoming members of the armed forces but that it applied equally to an alien who departed after his induction. *Matter of B—R—*, 2 I. & N. Dec. 482 (1946); *Matter of V—B—*, 3 I. & N. Dec. 265 (1948). We have also held that the departure or the remaining outside the United States must have been for the primary purpose of avoiding military service. *Matter of G—M—*, 2 I. & N. Dec. 861 (1947); *Matter of M—*, 2 I. & N. Dec. 910 (1947); *Matter of E—*, 4 I. & N. Dec. 452 (1951). Hence, the appellant would be inadmissible if his primary purpose for departing or remaining abroad was to avoid training or service in the armed forces.

The special inquiry officer did not specifically find that the appellant's primary purpose in deserting the United States Army and in departing from this country was to evade service in our armed forces, but only that he had failed to establish otherwise. There is a great deal of irrelevant evidence in the record before us, but it contains little information concerning the one matter which is pertinent to this ground of inadmissibility, that is, the appellant's purpose in departing from the United States about September 24, 1960. The only evidence concerning this appears to be a statement in the appellant's affidavit of May 27, 1965 (Ex. 10) that he was compelled to go to Cuba to "attend" his mother who had informed him that she was ill and his testimony at pages 11, 13 and 14 of the transcript. This testimony is to the effect that he is anti-Communist; that he was only 19 years old when he deserted from the United States Army; that he had to go to Cuba because his mother was very much in favor of Castro; that he worked with his mother and stayed there with her for two years and helped her see "the reality in Cuba"; that his mission has been accomplished; and that his mother was imprisoned in Cuba at the time of the hearing on September 15, 1965. The appellant's parents were divorced in 1954 and his custody was awarded to his mother.

After careful consideration of the record, we find that the appellant did not depart from the United States for the purpose of evading training or service in the United States Army but that he returned to Cuba either because he believed his mother was ill or because he felt obligated to endeavor to change her pro-Castro attitude. We believe that our finding is substantiated by the fact that the appellant was not a draft dodger but voluntarily enlisted in the United States Army; the fact that there is nothing to indicate that he had any desire to avoid training and service in the armed forces; and the fact that the record indicates that the appellant voluntarily surrendered to United States military authorities in Costa Rica about December 24, 1963 and has, for some time, expressed a desire to be permitted to complete his enlistment of three years in the United States Army. We conclude that the appellant is not inadmissible under 8 U.S.C. #1182(a)(22).

In his brief, the appellant stated that he was requesting "refugee-escapee" status under the Act of September 11, 1957 [section 15]. However, that provision was repealed by section 24(a) of the Act of September 26, 1961 [75 Stat. 650; Public Law 87-301]. The appellant also contends that his case is within section 243(h) of the Immigration and Nationality Act, but the Supreme Court has held in *Leng May Ma v. Barber*, 357 U.S. 185 (1958), that this statutory

provision is not applicable in exclusion cases but only in deportation cases. Apparently, the appellant was or is under parole in the United States pursuant to 8 U.S.C. 1182(d)(5) and 8 CFR 212.5. Matters relating to termination of parole and release under parole, are not within the province of this Board but are within the jurisdiction of the District Director of the Service of the district in which the appellant is located. The other contentions of the appellant in his brief are without merit and do not require specific discussion. Although we hold that the appellant is not excludable on the second ground stated above, we have concluded that he is inadmissible on the first ground. Accordingly, his appeal will be dismissed.

ORDER: It is ordered that the following Conclusion of Law be substituted for Conclusion of Law numbered 2 in the special inquiry officer's decision:

The appellant is not subject to exclusion under the provisions of section 212(a)(22) of the Immigration and Nationality Act [8 U.S.C. 1182 (a)(22)].

It is further ordered that the appeal be and the same is hereby dismissed.